1  IRENE KARBELASHVILI, Esq. (SBN 232223)
   IRAKLI KARBELASHVILI, Esq. (SBN 302971)
2  ALLACCESS LAW GROUP
   1400 Coleman Ave Ste F28
3  Santa Clara, CA 95050
   Telephone: (408) 295-0137
4  Fax: (408) 295-0142
   irene@allaccesslawgroup.com
5  irakli@allaccesslawgroup.com
6
   Attorneys for Plaintiff JOHN RODGERS
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | JOHN RODGERS,                          ) **Case No.**  24-cv-354
                                            )
12 |            Plaintiff,                   ) *Civil Rights*
                                            )
13 | vs.                                     ) **COMPLAINT FOR INJUNCTIVE**
                                            ) **AND DECLARATORY RELIEF AND**
14 | GREAT AMERICAN HAMBURGER &              ) **DAMAGES**
   | PIE CO.; LOUIS WINDHURST III; and       )
15 | ALYCE WINDHURST,                        )
                                            )
16 |            Defendants.                  ) **DEMAND FOR JURY TRIAL**
                                            )
17                                          )
                                            )
18                                          )
                                            )
19

20

21

22

23

24

25

26

27

JOHN RODGERS ("Plaintiff") complains of GREAT AMERICAN HAMBURGER & PIE CO.; LOUIS WINDHURST III; and ALYCE WINDHURST ("Defendants") as follows:

## INTRODUCTION

1.     This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "Great American Hamburgers & Pie Co." located at or about 35 East Richmond Avenue in Richmond, California ("Restaurant").

2.     Plaintiff John Rodgers ("Plaintiff") is physically disabled. He is a paraplegic and needs a wheelchair to move around.

3.     Defendants' lack of accessible facilities denied and continue to deny "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and supplementary California civil rights laws. Plaintiff as a result has been continuously denied full and equal access to the Restaurant and has been embarrassed and humiliated. Plaintiff seeks damages and injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990 ("ADA") and injunctive relief for full and equal access and statutory damages under California law. Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

## JURISDICTION AND VENUE

4.     This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

5.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

6.     **Intradistrict Assignment:** This case should be assigned to the San Francisco/Oakland

intradistrict as the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

7.      Plaintiff is and at all times relevant here was an individual with a physical disability within the meaning of the ADA and California law. Plaintiff is a paraplegic due to a severe spinal cord injury suffered in a shooting incident more than twenty-five years ago. Plaintiff is unable to independently stand or walk and requires the use of a wheelchair at all times for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff possesses a disabled parking placard issued by the State of California. Plaintiff is also a lifetime resident of Richmond, California.

8.      Defendants are and were the owners and operators of the subject business, property, and buildings at all times relevant to this Complaint.

9.      Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to Plaintiff complained of here.

## FACTUAL ALLEGATIONS

10.     Defendants have discriminated against Plaintiff because the Restaurant's facilities and policies do not comply with the requirements of the ADA, the Unruh Act, the California Health and Safety Code, and the Disabled Persons Act. Defendants have failed and refused to provide full and equal access to the services, privileges, benefits, and advantages that it provides to persons without disabilities at the Restaurant.

11.     Restaurant and its facilities, including, but not limited to, its entrances/exits, parking, exterior and interior paths of travel are each a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7) and of

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

3

1  California Civil Code §§ 51 *et seq.*

2  12.    On information and belief, Restaurant and its facilities have, since January 26, 1992,

3  undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to

4  disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities

5  constructed or altered since 1982 are also subject to "Title 24," the California State Architect's

6  Regulations. Irrespective of Restaurant's construction and alteration history, removal of the

7  access barriers at the subject premises are subject to the "readily achievable" barrier removal

8  requirements of Title III of the ADA.

9  13.    Plaintiff visited the Restaurant as a paying customer and encountered barriers because

10  Defendants failed to bring its subject property into compliance with all applicable federal and

11  state code requirements. This noncompliance greatly impacts Plaintiff's ability to use and enjoy

12  the goods, services, privileges and accommodations offered at the Restaurant on a full and equal

13  basis with able-bodied customers.

14  14.    On October 27, 2023, Plaintiff was in Point Richmond looking at places to shop and dine.

15  Around noon he dined at the Restaurant, located within fifteen-minute drive from his home.

16  15.    When Plaintiff approached the Restaurant, he saw that there was a high threshold, more

17  like a step, at the entrance door that Plaintiff, confined to his wheelchair, would be unable to

18  overcome. Frustrated with the situation, Plaintiff parked his car, looked up the Restaurant's

19  phone number, and placed his order over the phone. Plaintiff felt like an outcast because he had

20  no ability to access and eat his hamburger inside the Restaurant like able-bodied persons.

21  Plaintiff's food was brought to his car where he ate alone.

22  16.    Plaintiff enjoyed his hamburger and fries but was disappointed that he was deprived of a

23  full experience.

24  17.    On December 15, 2023, Plaintiff returned to the Restaurant and again encountered the

25  same inaccessible entrance. As a result, he could not eat his meal inside the Restaurant.

26  18.    Plaintiff likes the food wants to return and be able to dine inside the Restaurant. Plaintiff

27  however is deterred from returning and dining at the Restaurant because it remains inaccessible

1   to him. Plaintiff will dine at the Restaurant if access is provided.

2   19.     Before suing, Plaintiff's accessibility expert did an informal investigation of Restaurant.

3   He confirmed the barriers encountered by Plaintiff and also determined that Restaurant was

4   inaccessible in multiple other ways, including, but not limited to, the barriers below, all of which

5   are related to Plaintiffs' disabilities:

6       • No exterior wheelchair accessible seating at bench table,

7       • No path to exterior bench table,

8       • No path to exterior bench (at right side),

9       • cashier counter too high,

10      • No wheelchair accessible seating at the counter,

11      • No wheelchair accessible tables inside,

12      • No wheelchair accessible seating at window counter,

13      • No clear space at pull side of door,

14      • Self-service soda fridge is out of reach.

15  20.     These barriers to access are listed without prejudice to Plaintiff citing additional barriers

16  to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards

17  under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports*

18  *(USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

19  21.     Plaintiff alleges that it would be a futile gesture to provide notices of violations relating

20  to his continued or attempted visits, which are certain to occur regularly following the filing of

21  this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as

22  to subsequent events, according to proof.

23  22.     Defendants knew, or should have known, that these elements and policies rendered the

24  Restaurant inaccessible, violate state and federal law, and interfere with or deny access to

25  individuals with similar mobility disabilities. Upon information and belief, Defendants have the

26  financial resources to remove these barriers and make the Restaurant accessible to the physically

27  disabled. To date, however, Defendants refuse to remove those barriers or to provide full and

1 equal access to the Restaurant.

2 23.     As a result of Defendants' actions and failures to act and failure to provide disabled

3 access, Plaintiff suffered a denial of his civil rights emotional discomfort, and denial of rights to

4 full and equal access to public accommodations, all to his general, special, and statutory

5 damages. On each such denial of access, Plaintiff has encountered barriers to full and equal

6 access which have caused him difficulty, discomfort, and embarrassment. Plaintiff has been

7 forced to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs,

8 under federal and state law.

9 24.     Plaintiff's goal in this suit is a positive one: to make the Restaurant fully accessible to

10 persons with similar mobility disabilities.

11 **FIRST CLAIM:**

12 **VIOLATION OF THE ADA, TITLE III**

13 **[42 U.S.C. §§ 12101 et seq.]**

14 25.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

15 allegations contained in all paragraphs of this Complaint and incorporates them here as if

16 separately repled.

17 26.     Plaintiff was at all times relevant here a qualified individual with a disability as defined

18 by the ADA, as he has impairments that substantially limit one or more major life activities.

19 27.     Plaintiff has reasonable grounds for believing he will be subjected to discrimination each

20 time he may attempt to access and use the subject facilities.

21 28.     The subject property and facility are among the "private entities," which are considered

22 "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

23 29.     The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights

24 under the ADA and the regulations promulgated under it.

25 30.     Plaintiff alleges on information and belief that Restaurant was designed and constructed

26 (or both) after January 26, 1993 -- independently triggering access requirements under Title III

27 of the ADA. Here, Defendants violated the ADA by designing or constructing (or both) the

Restaurant in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

31.    The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

32.    As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

33.    Plaintiff alleges on information and belief that Restaurant was modified after January 26, 1992. Any alterations, structural repairs, or additions since January 26, 1992, have independently triggered requirements for the removal of barriers to access for disabled persons per § 12183 of the ADA.

34.    Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of Restaurant to individuals with disabilities; (c) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of Restaurant available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's visit to Restaurant and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to enter and exit Restaurant is a fundamental necessity. Without this ability, Plaintiff is unable to available

himself of the goods and services offered at Restaurant on a full and equal basis. Therefore, the benefits of creating access does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

35.     Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

36.     Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

## [Cal. Civil Code §§ 51 et seq.]

37.     Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

38.     The Restaurant is a business establishment within the meaning of the Unruh Act.

39.     Defendants are the owners and/or operators of a business establishment.

40.     Defendants violated the Unruh Act by their acts and omissions:

   a.   Failure to construct or alter Restaurant in compliance with state building code and state architectural requirements,

   b.   Failure to remove known barriers to access at Restaurant,

   c.   Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

of Restaurant; and

d.   Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

41.   Plaintiff has experienced barriers to access at Restaurant, all of which have caused him major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

42.   On information and belief, Restaurant is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

43.   These barriers to access render Restaurant and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

44.   Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

45.   As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendant's behavior was intentional: they were aware of or was made aware of its duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to the Restaurant. Defendants' discriminatory practices and policies that deny full enjoyment of Restaurant to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

46.   On information and belief, the access features of Restaurant have not been improved

since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendants do not modify its policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

47.     At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE**

**[Cal. Health and Safety Code §§19955 *et seq.*]**

48.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

49.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

50.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970, and applies to all public

accommodations constructed or altered after that date.

51.     On information and belief, portions of Restaurant and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Restaurant to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

52.     Under the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of Restaurant and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

53.     On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

54.     Restaurant is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

55.     As a result of the actions and/or inactions of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**FOURTH CLAIM:**

**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

11

**[Cal. Civil Code §§ 54 *et seq.*]**

56.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

57.     Restaurant is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code  § 54 *et seq.*

58.     The CDPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

59.     The CDPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code  § 54.1(a) (1).

60.     The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code  § 54.1(d).

61.     Defendants violated the CDPA by, among other things, denying and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF:**

1.      Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions on Defendants' violations of the laws of the United States and the State of

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2.      Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including but limited to: failing to remove known architectural barriers at Restaurant to make the facilities "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Restaurant in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3.      Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with it:[1]

    a.  From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b.   To provide reasonable accommodation for persons with disabilities in all its programs, services, and activities at Restaurant;

    c.  To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at Restaurant;

    d.  To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

    e.  To maintain such accessible facilities once they are provided.

    f.  To train Defendants employees and agents in how to accommodate the rights and needs of physically disabled persons at Restaurant.

    g.  To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at Restaurant.

4.      Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is

---

[1] Plaintiff does not seek injunctive relief under Cal. Civil Code section 55.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

13

satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur.

5.      Plaintiff requests all appropriate damages, including, but not limited to, statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof.

6.      Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure § 1021.5.

7.      Plaintiff requests prejudgment interest under California Civil Code § 3291.

8.      Plaintiff requests interest on monetary awards as permitted by law; and

9.      Plaintiff requests any other relief that this Court may deem just and proper.


Date: January 21, 2024                          ALLACCESS LAW GROUP


                                                _____/s/ Irene Karbelashvili_____
                                                By IRENE KARBELASHVILI, Esq.
                                                Attorney for Plaintiff
                                                JOHN RODGERS

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
14

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.


Date: January 21, 2024                                          ALLACCESS LAW GROUP


                                                               ___*/s/ Irene Karbelashvili*___
                                                               By IRENE KARBELASHVILI, Esq.
                                                               Attorney for Plaintiff
                                                               JOHN RODGERS